UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT MOSCA,

          Plaintiff,

  -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, FRANCESCO COLAVITO,
TAPPED 1010 INC., and MXL LLC,

          Defendants.
------------------------------------------------------------------X

**ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS**

Docket No.: 17-cv-04327

Judge
Sandra J. Feuerstein

Magistrate Judge
Steven I. Locke

  Defendant, **FRANCESO COLAVITO**, by and through his attorneys, **PENINO & MOYNIHAN, LLP** as and for his Answer to the Complaint herein, sets forth the following:

  1. Denies the allegations contained in paragraphs "1" through "4" of the complaint.

  2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "5" through "14" of the complaint relative and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

  3. Denies the allegations contained in paragraphs "15" and "16" of the complaint relative to the allegations against Colavito, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relative to the Tap Room, MXL, and Walsh.

  4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "17" through "19" of the complaint and

respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" and "22" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

6. Admits that he was a police officer employed by the NYPD.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

8. Denies the allegations contained in paragraphs "25" of the complaint relative to the allegations against Colavito, and denies knowledge or information sufficient to form a belief as to the truth of the allegations relative to the City of New York and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "26" through "32" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

10. Admits he was a police officer in the NYPD.

11. Denies the allegation in paragraph "34".

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "35" through "36" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

13. Denies the allegations against him in paragraphs "37" through "39", other than to admit that he was a police officer in the NYPD and received training.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "40" and "41" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial, except to admit that he was a probationary police officer in the NYPD.

15. Denies the allegations against him in paragraphs "42" through "46", and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in those paragraphs relative to Walsh, and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

17. Denies the allegations against him in paragraphs "48" through "60", and denies knowledge or information relative to the allegations against the co-defendants or officers of the NYPD, and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "61" through "65" of the complaint and respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

19. Denies the allegation against him in paragraph "66".

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "67" through "69" of the complaint and

respectfully refers all questions of law and ultimate fact to the trial court during the course of trial.

21. Denies the allegation against him in paragraphs "70" through "72" and the implication that Colavito assaulted plaintiff in paragraph "73".

22. Denies knowledge or information to form a belief as to the truth of allegations set forth in paragraph "74" except admits he spoke to Officer Healy and that his employment was terminated without any explanation from the NYPD.

23. Denies the implication that he is "dangerous" in paragraph "75" or that his termination was warranted.

24. Denies the allegation in paragraph "76" that he engaged in "heinous conduct".

25. Denies the allegation that he was unfit or dangerous in paragraph "77".

26. Denies that his conduct resulted in damages to plaintiff as alleged in paragraph "78". Denies knowledge or information sufficient to form a belief as to the allegations against the City.

27. Denies the allegation in paragraph "80" that he engaged in "unlawful" conduct.

28. Denies the allegation in paragraph "81" that he negligent or intentionally detained, punched, struck, kicked, or rendered unconscious plaintiff, and denies knowledge or information sufficient to form a belief as to the allegation against codefendant.

29. Denies the allegations in paragraphs "82" and "83" that he acted improperly, intentionally, or negligently and denies knowledge or information sufficient to form a belief as to this allegation against codefendant.

30. Denies the allegations against him in paragraphs "84" through "89".

31. Denies the allegations in paragraphs "90" through "94".

32. Admits the allegation in paragraph "96" that he was employed as an officer of the NYPD.

33. Denies knowledge or information sufficient to form a belief relative to the allegations in paragraphs "97" through "99".

34. Admits the allegations in paragraph "100" and "101" that he attended a police academy and that he received training.

35. Denies knowledge or information sufficient to form a belief relative to the allegations in paragraphs "101" through "102" but denies that he should have been prevented from becoming a police officer.

36. Denies the allegations against him in paragraphs "103" through "105".

37. Denies knowledge or information sufficient to form a belief relative to the allegations in paragraphs "106".

38. Denies the allegations against him in paragraphs "107" through "109" and denies knowledge or information sufficient to form a belief as to the allegations against the codefendants.

39. Denies knowledge or information sufficient to form a belief as to paragraphs "110" through "113".

40. Denies the allegations against him in paragraphs "114" through "134" and denies knowledge or information sufficient to form a belief as to the injuries alleged by plaintiff or the allegations against the City.

41. Denies the allegations against him in paragraphs "135" through "140" and denies knowledge or information sufficient to form a belief as to the injuries alleged by plaintiff or the allegations against Walsh.

42. Denies the allegations against him in paragraphs "141" through "181" and denies knowledge or information sufficient to form a belief as to the injuries alleged by plaintiff or the allegations against Walsh, the City, the Tap Room, and/or MXL.

43. Denies the allegations contained in the "WHEREFORE" clause of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. Upon information and belief, the answering defendant has no liability to plaintiff by reason of plaintiff having undertaken conduct such as to assume the risk of all that conduct complained of by plaintiff having flowed there from.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Upon information and belief, any damage or damages sustained by the plaintiff herein were not caused by the wrongdoing on the part of the answering defendant, its servants, agents or employees, but were caused solely by the wrongdoing of plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against said answering defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. Any award to the plaintiffs for economic loss shall be reduced by the amount of economic loss received by collateral sources.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47. Plaintiffs have failed to take the necessary measures to mitigate the damages complained of herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48. Upon information and belief, in the event that a judgement is rendered against the answering defendant, he shall not be responsible for more than his proportionate share of liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49. Plaintiff is not permitted to recover under any other theories brought forth in the Summons and Complaint due to the doctrine of unclean hands as plaintiff provoked the alleged incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50. That at the time complained of answering defendant was off duty and in compliance with New York Police Department protocol and regulations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51. That the instant action is barred in that the plaintiff has commenced a prior and now pending action in State Court seeking the same relief as is sought herein as against the answering defendant.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52. Plainitff has failed to join an indispensable necessary party. The plaintiff has failed to join Ian Walsh, who is an indispensable necessary party to this action.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT THE CITY OF NEW YORK

53. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST
### CO-DEFENDANT THE CITY OF NEW YORK

54. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST
### CO-DEFENDANT THE NEW YORK
### CITY POLICE DEPARTMENT

55. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST
### CO-DEFENDANT THE NEW YORK
### CITY POLICE DEPARTMENT

56. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering

defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT TAPPED 1010 INC.

57. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT TAPPED 1010 INC.

58. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT MXL LLC

59. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or

active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT MXL LLC

60. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT IAN WALSH

61. Although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiff against the answering defendant, then, in that event, the said defendant demands judgment over and against the aforementioned co-defendant by reason of their wrongful conduct being primary and/or active while any wrongdoing on the part of the answering defendant, if any, was secondary and/or passive and the indemnity is to be full and complete.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT IAN WALSH

62. That although the answering defendant has denied the allegations of the plaintiff with respect to any wrongdoing on the part of the said defendant, nevertheless, if it is found that the answering defendant is liable to the plaintiff and if complete indemnity is not granted in furtherance of the first cross-claim hereinabove, then the answering

defendant is, nevertheless, entitled to contribution from the co-defendant, above-named in proportion to the relative degrees of wrongdoing as between the parties.

**WHEREFORE**, the defendant, **FRANCESCO COLAVITO,** demands judgment dismissing the Complaint herein as to said defendant and further demands that the ultimate rights of the defendant be determined in this action and that the answering defendant has judgment over and against the co-defendants, **THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, TAPPED 1010 INC., MXL LLC, AND IAN WALSH** for all, or alternatively that portion of any verdict or judgment which may be obtained by plaintiff against said defendant, to the extent that the responsibility of the aforesaid co-defendants contributed hereto, together with the costs and disbursements of this action.

DATED:   White Plains, New York
         July 11, 2018

                                                        Yours, etc.,

                                                        **PENINO & MOYNIHAN, LLP**

BY: _____
        Henry L. Liao (HL6071)
        Attorneys for Defendant
        **FRANCESCO COLAVITO**
        1025 Westchester Avenue, Suite 403
        White Plains, New York 10604
        (914) 949-6996
        Our File No.: 12-3211

TO:   Lipsig Shapey Manus & Moverman, PC
      Attorneys for Plaintiff
      40 Fulton St.
      New York, NY 10038-1850

      Zachary W. Carter,
      Corporation Counsel
      Attorneys for Defendant
      CITY OF NEW YORK
      100 Church Street, Room 3-133b
      New York, NY 10007

Kaufman Borgeest & Ryan, LLP
Attorneys for Defendant
Tapped 1010, Inc.
1205 Franklin Ave., Ste. 200
Garden City, NY 11530

Ian M. Walsh
Defendant, Pro Se
11 Harbour Lane
Massapequa, NY 11758